Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8864 | **DATE** | 12/20/11 |
| **CASE TITLE** | Leetemi K. Daniels (#2009-0014247) vs. Cook County Department of Corrections/Sheriffs | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However,. The case is terminated. Plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was denied food, water, and toilet facilities for up to sixteen hours after a prison transport van in which he was a passenger experienced a mechanical breakdown.

The Court finds that Plaintiff is unable to prepay the filing fee. The Court accordingly grants Plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $5.50 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff in the event of his transfer to another correctional facility.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a feral claim as a matter of law. Plaintiff's claims are not cognizable under 42 U.S.C. § 1983.

## FACTS

Plaintiff alleges that on October 1, 2011, he was among some twenty-four inmates picked up at the Jefferson County Jail for transfer to the Cook County Jail.

About two hours into the trip, the shuttle bus had some kind of malfunction. The shuttle bus therefore pulled into a highway rest stop, where it was met by county sheriff's deputies and state troopers. The inmates were advised that the bus was having problems and were asked to be patient until another bus arrived. The inmates were required to remain seated on the bus, chained together in addition to the individual shackles each prisoner was wearing.

The detainees' requests to use the restroom were denied; furthermore, they were not given any food even though their last meal (a 4:30 a.m. breakfast) had been hours earlier. The inmates were given only three water bottles to share among themselves. The correctional and law enforcement officers kept telling the inmates to be patient and that help was coming "soon;" however, they remained on the bus between nine and sixteen hours without food, water, or the opportunity to relieve themselves. Eventually, the prisoners were permitted to urinate, but they were never given permission to defecate. To add to the indignity, guard dogs and officers with guns pointed at the inmates stood watch over them.

## DISCUSSION

The Constitution requires correctional officials to house Plaintiff under "humane conditions" and to provide him with adequate food, shelter, and medical care, among other staples. *Sain v. Budz*, No. 05 C 6394, 2006 WL 539351, *2 (N.D. Ill. Mar. 3, 2006) (Conlon, J.), *citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994). There is no question that inmates have a constitutional right to an adequate diet. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). "The state must provide an inmate with a 'healthy, habitable environment.' This includes providing nutritionally adequate food...." *McRoy v. Aramark Correctional Services, Inc.*, 268 Fed. Appx. 479, 482 (7th Cir. 2008), quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citations omitted); *Jubeh v. Dart*, No. 11 C 3873, 2011 WL 6010267, *2 (N.D. Ill. Nov. 29, 2011). A denial of drinkable water, even for a few days, may be actionable. *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011).

Under the circumstances of this case, however, Plaintiff's allegations do not rise to the level of a constitutional violation. Prison officials violate an inmate's constitutional rights in conditions-of-confinement cases where the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with deliberate indifference (the subjective standard). *Farmer*, 511 U.S. at 834; *Lehn v. Holmes*, 364 F.3d 862, 872 (7th **(CONTINUED)**

| STATEMENT (continued) |
|---|

Cir. 2004). In the case at bar, Plaintiff can satisfy neither prong. The inmates' unfortunate predicament was triggered by circumstances beyond the control of the correctional officers involved.

Although it is most regrettable that inmates were unable to use the washroom for hours, the courts have routinely held that the temporary denial of bathroom facilities does not violate the Constitution. *See, e.g., Partee v. Cain*, No. 92 C 4838, 1999 WL 965416, *8 (N.D. Ill. Sep. 30, 1999) (Manning, J.) ("Not being allowed to use bathroom facilities when he needed to and subsequently urinating on himself was undoubtedly unpleasant and humiliating. However, this appears to be nothing more than a temporary inconvenience, which is not a violation of a constitutional right"); *Norman v. Illinois*, No. 07 C 0670, 2007 WL 3037234, *1 (S.D. Ill. Oct. 17, 2007) (no liability where inmate was refused access to a bathroom and soiled himself); *Tolbert v. Sutton*, No. 06 C 0297, 2007 WL 2219082, *1 (S.D. Ill. Jul. 27, 2007) (no liability where inmate taking medication that caused frequent urination was denied use of a bathroom and wet himself).

Likewise, the occasional missed meal does not rise to the level of a constitutional violation. *See, e.g., Curiel v. Stigler*, No. 06 C 5880, 2008 WL 904894, *5 (N.D. Ill. Mar. 31, 2008) (Zagel, J.), *citing Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, *8 (N.D. Ill. May, 14, 2003) (Manning, J.) (citations omitted); *Cunningham v. Eyman*, No. 95 C 2900, 2000 WL 748098, *6 (N.D. Ill. Jun.9, 2000) (Moran, J.). Correctional officials were faced with a stalled shuttle bus carrying twenty-four inmates that was stopped in a public rest area. Obvious security concerns precluded the unshackling of the prisoners and their use of public facilities; in addition, it is unlikely that guards are provided with lunch money to feed inmates in case of such an emergency stop. Plaintiff suffered temporary discomfort and inconvenience rather than an extended and extreme hardship, and he will be unable to show that correctional officers deliberately subjected him to deprivation with malicious intent. There is an ancient maxim, *de minimis non curat lex*, "the law cares not for trifles." *Ehrlich v. Mantzke*, No. 01 C 7449, 2002 WL 265177, *4 (N.D. Ill. Feb. 25, 2002) (Kocoras, J.). In short, Plaintiff has not alleged a problem of constitutional magnitude.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal Court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."